# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1123
Lower Tribunal No. 15-29351
_____

**Warren Gammill & Associates, P.L., et al.,**
Appellants,

vs.

**Stefanny Sommers,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Warren Gammill & Associates, P.L., and Warren P. Gammill, for appellants.

Coffey Burlington, P.L., and Jeffrey B. Crockett and Jared Whaley, for appellee.

Before LOGUE, C.J., and LINDSEY and LOBREE, JJ.

LOGUE, C.J.

Warren Gammill & Associates, P.L. and Warren Gammill, Esquire,

seek review of the trial court's decision disqualifying Mr. Gammill from

representing the firm. This case presents the issue of whether, under the advocate-witness rule, a trial judge may disqualify an attorney from representing his law firm in its libel trial against its client, set to be tried before a jury. See R. Regulating Fla. Bar 4-3.7(a).

Rule 4-3.7 of the Rules Regulating the Florida Bar is intended to prevent the prejudice and confusion that may result when one person combines the role of witness, who is limited to testifying truthfully to matters in his or her personal knowledge, with advocate, who is free to comment on and explain the evidence. Comment, R. Regulating Fla. Bar 4-3.7. Disqualification in these circumstances turns on the trial judge weighing the nature of the lawyer's testimony with the potential for confusion and prejudice in the circumstances of the case. Id. ("Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."). Accordingly, we review the trial court's decision under an abuse of discretion standard.

Given the centrality and controverted nature of Mr. Gamill's testimony regarding the firm's claim of libel, we conclude that the trial court did not abuse its discretion. In so ruling, we distinguish Philip M. Warren, P.A. v.

Arcara, 566 So. 2d 907 (Fla. 4th DCA 1990), where the court allowed a lawyer to act as an attorney and witness in a case where his professional association sued a client for unpaid attorney's fees. As the rule itself recognizes, disputes before judges over the amount of attorney's fees present less potential for confusion and prejudice than other cases. Comment, R. Regulating Fla. Bar 4-3.7 ("Subdivisions (a)(2) and (3) recognize that, where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has first-hand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.").

    Affirmed.